UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **FINE FURNITURE (SHANGHAI) LIMITED AND DOUBLE F LIMITED,**<br><br>        **Plaintiffs,**<br><br>    v.<br><br>**UNITED STATES,**<br><br>        **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)  Ct. No. 21-00601<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs Fine Furniture (Shanghai) Limited and Double F Limited, by and through their counsel, allege and state as follows:

### I. PROCEEDING UNDER REVIEW

1. This action seeks judicial review of certain aspects of the Final Results of the eighth countervailing duty ("CVD") administrative review of Multilayered Wood Flooring ("MLWF") From the People's Republic of China made by the U.S. Department of Commerce ("Commerce"). See MLWF From the People's Republic of China: Final Results and Partial Rescission of Countervailing Duty Administrative Review; 2018, 86 Fed. Reg. 59,362 (Dep't of Commerce Oct. 27, 2021) ("Final Results"), and accompanying Issues and Dec. Mem. ("Final I&D Mem."), amended by MLWF From the People's Republic of China: Notice of Amended Final Results of Countervailing Duty Administrative Review; 2018, 86 Fed. Reg. 68,219 (Dep't of Commerce Dec. 1, 2021) ("Amended Final Results").

### II. JURISDICTION AND STANDARD OF REVIEW

2. Plaintiffs bring this action pursuant to the Tariff Act of 1930, as amended (the "Act"), sections 516A(a)(2)(A)(i)(I) and 516A(a)(2)(B)(iii), 19 U.S.C. § 1516a(a)(2)(A)(i)(I);

(a)(2)(B)(iii).

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1581(c) and section 516A(a)(2)(A)(i)(II),(a)(2)(B)(i) of the Act, 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I), (a)(2)(B)(iii).

4. The standard of review, as set forth in section 516A(b)(1)(B)(i) of the Act, 19 U.S.C. § 1516a(b)(1)(B)(i), is whether the determinations, findings or conclusions of Commerce are "unsupported by substantial evidence on the record, or otherwise not in accordance with law."

### III.   STANDING

5. Plaintiffs are foreign producers and exporters of the subject merchandise and, thus, qualify as interested parties pursuant to 19 U.S.C. § 1677(9)(A).

6. Accordingly, Plaintiffs, have standing to bring this action pursuant to 28 U.S.C. § 2631(c).

### IV.   TIMELINESS OF THIS ACTION

7. On October 27, 2021, Commerce published the Final Results in the Federal Register.  See Final Results, 86 Fed. Reg. 59,362.

8. Plaintiffs commenced this action by filing a summons on November 26, 2021, which was within thirty days of the publication of the Final Results in the Federal Register.  See Summons (Nov. 26, 2021), ECF No. 1.  This complaint is being filed within thirty days after the date on which Plaintiffs filed its summons.

9. Thus, Plaintiffs' summons and complaint are timely filed pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (B)(iii) and Rule 3(a)(2) and 6(a) of the Rules of the U.S. Court of International Trade.

## V.     STATEMENT OF FACTS

10.     Commerce initiated the CVD investigation of MLWF from China on November 18, 2010, following the filing of the petition on October 21, 2010.  See Multilayered Wood Flooring From the People's Republic of China: Initiation of Antidumping Duty Investigation, 75 Fed. Reg. 70,714 (Dep't of Commerce Nov. 18, 2010).  The International Trade Commission ("Commission") simultaneously conducted its investigation.  See MLWF, 75 Fed. Reg. 66,126 (Int'l Trade Comm'n Oct. 27, 2010).

11.     On December 8, 2011, Commerce issued a CVD order on MLWF from China following an affirmative CVD determination and an affirmative injury determination by the Commission.  See Multilayered Wood Flooring from the People's Republic of China: Countervailing Duty Order, 76 Fed. Reg. 76,693 (Dep't of Commerce Dec. 8, 2011).

12.     In December 2020, certain interested parties requested that Commerce conduct an administrative review of the CVD order on MLWF from China.  See MLWF From the People's Republic of China: Preliminary Results of Countervailing Duty Administrative Review, and Intent To Rescind Review, in Part; 2018, 86 Fed. Reg. 21,693 (Dep't of Commerce Apr. 23, 2021) ("Prelim. Results"), and accompanying Decision Mem. at 1-2 ("Prelim. Dec. Mem.").  On February 6, 2020, Commerce initiated the eighth administrative review covering the period January 1, 2018 through December 31, 2018.  See Initiation of Antidumping and Countervailing Duty Administrative Reviews, 85 Fed. Reg. 6,896 (Dep't of Commerce Feb. 6, 2020).

13.     On April 23, 2020, Commerce selected two mandatory respondents: (1) Jiangsu Senmao Bamboo and Wood Industry Co., Ltd. ("Jiangsu Senmao") and (2) Riverside Plywood Corp., along with its cross-owned affiliates Baroque Timber Industries (Zhongshan) Co., Ltd. and Suzhou Times Flooring (collectively "Riverside Plywood").  See Prelim Dec. Memo. at 2; Final

I&D Mem. at 2-3.  In its Preliminary Results, Commerce preliminarily found that both mandatory respondents received countervailable benefits during the POR.  See Prelim. Results, 86 Fed. Reg. at 21,694. Commerce calculated a preliminary CVD rate of 9.36 percent for Riverside Plywood, 5.19 percent for Jiangsu Senmao and 8.12 percent for non-selected companies under review.  See id.

14.     On June 1, 2021, interested parties, including Plaintiffs, submitted case briefs for Commerce's consideration prior to issuing the Final Results.  See Final I&D Mem. at 3.  In their case brief, Plaintiffs made the following arguments: 1) Commerce erred in determining the benefit received by respondents under the veneers for less than adequate renumeration ("LTAR") program, 2) Commerce incorrectly determined that LTAR programs covering wood glue, adhesive, paint, primer and stain are specific and are conferred by an "authority" in accordance with the Act, 3) Commerce erred in determining that the electricity for LTAR program is specific and in selecting the electricity benchmark and 4) Commerce must remove the subsidy rate for the Export Buyer's Credit program ("EBCP") in the Final Results.  See id. at Cmts. 1-5, 9   Plaintiffs also joined in arguments made by other respondents.  See id.

15.     On June 15, 2021, the mandatory respondents submitted rebuttal briefs and Plaintiffs submitted a letter supporting arguments presented in the rebuttal briefs of other respondents.  See id. at 3-4.  On September 9, 2021, Commerce held a hearing concerning issues raised in the case briefs.  See id. at 4.

16.     On October 27, 2020, Commerce published the Final Results.  Commerce calculated net countervailable subsidy rates of 9.18 percent for Riverside Plywood, 5.81 percent for Jiangsu Senmao and a review-specific rate applicable to the non-selected companies, including Plaintiffs, of 8.17 percent.  See Final Results 86 Fed. Reg. at 59,363.

17. In the Final Results, Commerce continued to apply adverse facts available ("AFA") against the Government of China to determine that provisions of veneer for LTAR program were specific and to compute a veneer benchmark. See Final I&D Mem. at Cmts. 4, 8-12. Commerce also continued to use AFA against the Government of China to determine that the electricity for LTAR program is a specific subsidy and to select the same preliminary benchmark equal to the highest electricity rates reported. See id. at Cmts. 2-3.

18. In addition, Commerce continued to apply AFA to determine the subsidy rate for the EBCP. See id. at Cmt. 1. Commerce also continued to use a value added tax ("VAT") rate that does not reflect what Riverside actually paid to construct the benchmarks for veneers, plywood, fiberboard, glue and paint. See id. at Cmt. 13.

19. Finally, Commerce also continued to construct a plywood benchmark with various species and grades of wood instead of using only the grade and species of plywood purchased by Riverside Plywood. See id. at Cmt. 6

20. Between October 25 and November 1, parties submitted ministerial error allegations and rebuttal comments regarding clerical errors in Commerce's calculation. See Mem. from Irena Darzenta Tzafolias to James Maeder re: Allegations of Ministerial Errors in the Final Results (Nov. 23., 2021) (Public Document).

21. On December 1, 20201, Commerce published its Amended Final Results concerning clerical errors in Commerce's benchmark calculations and assigned a countervailing subsidy rate of 6.13 percent to Jiangsu Senmao and 8.27 percent to non-selected companies. See Amended Final Results, 86 Fed. Reg. at 68,219.

## VI.     STATEMENT OF THE CLAIMS

### COUNT I

22. Plaintiffs herein incorporate by reference paragraphs 1 through 21, supra, of this complaint.

23. Commerce made legal and factual errors with regard to its calculation of the benefit attributable to the provision of veneer for LTAR that are unsupported by substantial evidence and otherwise not in accordance with the law.

### COUNT II

24. Plaintiffs herein incorporates by reference paragraphs 1 through 23 supra, of this complaint.

25. Commerce's use of AFA to make a vague specificity finding regarding the Government of China's provision of electricity for LTAR program to mandatory respondents and ultimately to select an electricity benchmark, is unsupported by substantial evidence and otherwise not in accordance with law because Commerce did not connect missing information to its AFA determination and did not make factual findings on how the electricity program was specific.

### COUNT III

26. Plaintiffs herein incorporates by reference paragraphs 1 through 25 supra, of this complaint.

27. Commerce's decision to impute a benefit to the mandatory respondents under the EBCP, based on the application of AFA to the Government of China, is unsupported by substantial evidence and otherwise not in accordance with law because record evidence established non-use of the program and Commerce had the ability to verify the program.

## COUNT IV

28. Plaintiffs herein incorporate by reference paragraphs 1 through 27, <u>supra</u>, of this complaint.

29. Commerce's decision to use a VAT rate that does not reflect what Riverside actually paid to construct the benchmark for veneers, plywood, fiberboard, glue and paint, is unsupported by substantial evidence and otherwise not in accordance with law.

## COUNT V

30. Plaintiffs herein incorporate by reference paragraphs 1 through 29, <u>supra</u>, of this complaint.

31. Commerce's decision to calculate a plywood benchmark with various species and grades of wood instead of using only the grade of plywood purchased by Riverside Plywood, is unsupported by substantial evidence and otherwise not in accordance with law.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

WHEREFORE, and as challenged herein, Plaintiffs respectfully pray that this Court:

(1) declare Commerce's actions as described in Counts I-V unsupported by substantial evidence and otherwise not in accordance with law;

(2) remand to Commerce with instructions to recalculate the all others rate assigned to Plaintiffs in this investigation in accordance with the Court's decision;

(3) order Commerce to publish amended final results in the Federal Register in accordance with a final decision by this Court in this matter;

(4) order Commerce to issue amended cash deposit instructions to Customs Border Protection consistent with this Court's decision; and

(5) provide such other relief as this honorable Court deems proper.

Respectfully submitted,

/s/ Kristin H. Mowry
Kristin H. Mowry
Jeffrey S. Grimson
Sarah M. Wyss
Wenhui "Flora" Ji
Yixin "Cleo" Li
Jacob M. Reiskin
**Mowry & Grimson, PLLC**
*Counsel to Fine Furniture (Shanghai) Limited and Double F Limited*

Date: December 27, 2021